# Obedin & Weissman, LLP
### Attorneys at Law

GLENN A. OBEDIN
IRA R. WEISSMAN

*The Courthouse Corporate Center, Suite 4200*
*320 Carleton Avenue Central Islip, NY 11722*

PHONE (631) 979-7777   FAX (631) 265-5952
NOWLAW@iCLOUD.COM

October 2, 2023

The Honorable Joan M. Azrack
United States District Judge
940 Federal Plaza
Central Islip, New York 11722

Re:  U.S. v. Dennis Wolfolk
22-CR-347(JMA)

Dear Judge Azrack,

Defendant Dennis Wolfolk ("Mr. Wolfolk" and "Dennis") respectfully submits this memorandum in connection with his sentencing. Although the Presentence Report ("PSR") includes a description of Mr. Wolfolk's background and the offense, he submits this memorandum to provide additional detail regarding these matters. It is respectfully submitted that when the Court considers all the facts relevant to his sentencing, a total sentence of 24 months is "sufficient but not greater than necessary," to meet all the sentencing goals embodied in 18 U.S.C. § 3553(a).

Mr. Wolfolk accepts full responsibility for his crimes, and nothing herein is intended to minimize or excuse his conduct. However, his criminal conduct does not tell the full story of Dennis Wolfolk . Mr. Wolfolk's conduct in these offenses is not representative of his true character. His

*family members and friends know him as a loving, generous, and well-meaning contributor to both his family and the community. It is respectfully submitted that when the Court makes an individualized sentencing assessment, it will find that a below Guidelines sentence is sufficient to comply with the purposes of 18 U.S.C. Section 3553(a).*

I. **<u>Background</u>**

A. **<u>Dennis Wolfolk's Personal History</u>**

*Mr. Wolfolk is 30 years old. He was born on April 28, 1993, in Syosset, New York. His upbringing was, unfortunately, marred by the absence of an adult male role model. As related in the Presentence Report (P.S.R.) "His father was absent for almost the entirety of the defendant's youth due to repeated incarcerations" (P.S.R. at par. 34). Dennis' mother was tasked with raising he and his siblings on her own. She held down two jobs, just to keep the family above water. Understandably, this situation did not afford the type of supervision that Dennis needed or deserved. By the age of sixteen and having grown up without any positive male role model, Dennis left home and ended up on the streets. By the age of eighteen, Dennis had fathered his first child. Unsurprisingly, this relationship did not last, although Dennis always maintained contact with, and interest in, his son's life.*

*In 2020, Mr. Wolfolk began a relationship with Kya Barr, who appears to be the first mature and stable individual in Mr. Wolfolk's life since his mother, who tragically passed away this year, during Dennis' current incarceration. Mr. Wolfolk and Ms. Barr have a beautiful, healthy daughter named Ky'Lani, who was born in January of this year. Dennis has yet to meet his child. When interviewed by probation, Ms. Barr described Dennis as "a loving, devoted father*

*who communicated with his son and spent time with him whenever possible." Additionally, "Ms. Barr described the defendant as a loving figure in the life of her three-year-old son from a prior relationship. She asserted that her child adores the defendant and misses him greatly" and "Before the defendant was arrested and detained in August 2022, he reportedly assisted Ms. Barr in raising the child. Ms. Barr described the defendant as a very caring, generous person who was always trying to help people" (P.S.R. at par. 42).*

## II. *Applicable Sentencing Law*

*As the Court is well aware, the Sentencing Guidelines are advisory and while they serve as the starting point for a sentencing court's analysis, the inquiry does not end there. As noted in <u>Nelson v. United States</u>, 129 S. Ct. 890 (2009), where the Court summarily reversed the Fourth Circuit which had upheld a district court's application of a presumption of reasonableness to the guidelines: [t]he Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable. <u>Id</u>. at 892 (emphasis in original). Thus, the guidelines are now only one factor to be considered in the formulation of a minimally sufficient individualized sentence. When imposing sentence, the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a) in order to create an "individualized assessment" based on a defendant's particular circumstances. <u>Gall vs. United States</u>, 552 U.S. 38, 49-50 (2007); <u>see also United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). The result is that "[a] sentencing*

*judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime."* Cavera, 550 F.3d at 188. *The Court has ample discretion to impose a below-Guidelines sentence.* See Kimbrough v. United States, *552 U.S. 85, 101-10 (2007). In doing so, the Court may consider, and rely upon, any information available concerning the background, character, or conduct of the defendant.* See Cavera, *550 F.3d at 189-91;* see also *18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense for which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").*

*Moreover, in making an "individualized assessment," the Court is not only empowered to impose a sentence below the Guidelines range, it is required to do so where a lower sentence would be sufficient to comply with the purposes of Section 3553(a).* See, e.g., United States v. Dorvee, *616 F.3d 174, 183-84 (2d Cir. 2010);* United States v. Ministro-Tapia, *470 F.3d 137, 142 (2d Cir. 2006). This is consistent with the long-standing principle that a Court consider "every convicted person as an individual" and to uphold "the principle that the punishment should fit the offender and not merely the crime."* Pepper v. United States, *562 U.S. 476, 487-88 (2011). In sum, the overarching task of a sentencing court is to fashion a sentence that is appropriate for the individual circumstances of the offense and the defendant, and is "sufficient, but not greater than necessary" to achieve the statutory goals of punishment, deterrence, and rehabilitation. 18 U.S.C. § 3553(a).*

### III. *A Below Guidelines Sentence is Appropriate*

*Analysis of the Section 3553 factors weighs in favor of a below Guidelines sentence. It is respectfully submitted that 24 months' imprisonment is "sufficient but not greater than necessary" to provide just punishment. There is no dispute that Mr. Wolfolk has made poor decisions and has not always associated with the right people. However, we submit that he is not a one-dimensional individual, and the complete Dennis Wolfolk is a beloved father, son, brother, and friend. He is a charitable individual and has a heart of gold. As discussed above, the Court should consider "every convicted person as an individual" and that "the punishment should fit the offender and not merely the crime." Pepper, 562 U.S. at 487-88. Here, we submit that a sentence of 24 months' is appropriate for Mr. Wolfolk and represents a holistic approach to sentencing an individual.*

*Mr. Wolfolk has spent the last year incarcerated at the MDC, away from his family. He has missed birthdays, holidays and family celebrations. Notably, Dennis missed both the birth of his daughter and the passing of his mother. He has been unable to appropriately celebrate the addition of his daughter, or properly grieve the loss of his mother. Dennis has been able to reflect, and he fully appreciates both the wrongness of his conduct as well as the potential dangerousness of it. He is committed to living a law-abiding life, and never again being absent from his family. A total sentence of 36 months, as well as a period of supervised release, will provide adequate specific deterrence. At some point the addition of incremental months to Mr. Wolfolk's jail sentence no longer promotes the goals of sentencing, and instead become retribution. See United States v. Jenkins, 854 F.3d 181, 192 (2d Cir. 2017) ("Additional months in prison are not simply numbers. Those months have exceptionally severe consequences for the incarcerated individual.").*

*To the extent that the Court has observed that at least some potential offenders are deterred from committing future crimes by the sentences of others, we respectfully submit that a 24 month sentence will produce that effect. The public is now on notice that the Courts may impose several years long sentences on those who commit crimes of the sort prosecuted here.*

*In addition, the effect of harsh sentences as "general <u>deterrents</u>" is questionable. Social science appears to undermine the notion that lengthy sentences will deter others from committing similar crimes. <u>See</u> Amy Baron-Evans, <u>Sentencing by the Statute</u>, pp. 7-9 (April 27, 2009, revised Dec. 21, 2010) ("…potential criminals … do not believe [that] they will be apprehended and convicted," and therefore, they do not "consider sentence consequences in the manner one might expect of rational decision makers") (citing Michael Tonry, <u>Purposes and Functions of Sentencing</u>, 34 Crime and Justice: A review of Research 28-19 (2006)), a copy of Ms. Baron-Evan's article be found at https://nyn.fd.org/content/sentencing-statute-amy-baron-evans-2009. Because there is no evidence to suggest that sentencing Mr.Wolfolk to a more severe punishment will lead to a reduction of crime through general deterrence mechanisms, it is respectfully submitted that a sentence of 36 months' is "sufficient, but not greater than necessary" to achieve the statutory goals of deterrence.*

### IV. <u>Conclusion</u>

*Dennis Wolfolk has a new lease on life. He is in a stable relationship with a warm and loving woman who is ready to stand by him and share her life with him and their two children. The death of Mr. Wolfolk's mother has had a profound, but ultimately positive*

*effect on Dennis, in that he finally understands the importance of being home for his children, a lesson his own father never learned.*

*Respectfully Submitted,*

*Glenn A. Obedin, Esq.*
*Attorney for Dennis Wolfolk*

*GAO/js*

*Cc: A.U.S.A. Anthony Bagnuola*